UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER QUARTERMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respndent. )<br>)<br>) | CASE NO. 5:08cv2933<br>(5:03cr177)<br><br>JUDGE JOHN R. ADAMS<br><br><br>**MEMORANDUM OF**<br>**OPINION AND ORDER** |

This matter comes before the Court on Petitioner Alexander Quarterman's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence ("Motion") (Doc. 1). Petitioner's Motion is untimely, and is therefore DENIED.

The United States filed an Indictment against Petitioner on April 30, 2003. Petitioner ultimately pled guilty to two counts, namely to bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a)(d), and a violation of 18 U.S.C. § 924(c)(1)(B)(i), which is the commission of a violent crime while in possession of a firearm. Petitioner took no direct appeal from his conviction.

Petitioner now contends that he was sentenced improperly, arguing that he was only carrying a hand gun and not a machine gun, which should have resulted in a seven-year sentence rather than the 120-month sentence he received. He argues that the government confused himself and his co-defendant (who he contends was carrying the machine gun) and caused each of their sentences to be imposed on the wrong person. *See* Doc. 1 at 4.

Setting aside the fact that Petitioner pled to his sentence in open court and, in so doing, has likely foreclosed his ability to challenge his sentence on the grounds he has identified, the Motion is clearly untimely. Petitioner pled to both counts on October 9, 2003, and was

sentenced on December 18, 2003. He signed this Motion on December 1, 2008, and it was filed with the Court on December 16, 2008, nearly five years after he was sentenced.

Petitioner attached to his Motion under § 2255 a Motion for Extension of Time to file his brief in support. Doc. 1 at 15-16.[1] He cites as reasons for the delay in filing his § 2255 Motion the fact that, between January 9, 2004 and February 7, 2008, he was in transit three different times, which he alleges made it impossible for him to have any access to legal materials. He was not introduced to the electronic law library system until February 20, 2008, shortly after which he was transferred again.

The Court is not persuaded by Petitioner's explanation regarding the untimeliness of his § 2255 Motion. Under 28 U.S.C. § 2255,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner clearly has not filed within one year of the judgment's becoming final, nor do any of the other sections of 28 U.S.C. § 2255(f) apply to his situation. That Petitioner was transferred three times in the space of four years, between early 2004 and early 2008, does not

---

[1] Petitioner appears to have attached two identical copies of the same Motion for an Extension of Time, neither of which was filed as a separate motion from Petitioner's §2255 Motion.

2

explain why his Motion was not filed within the first year of his sentence. Five years after conviction and sentence is too long a delay for such an explanation, and Petitioner's Motion to vacate under § 2255 is DENIED.

    IT IS SO ORDERED.

DATED: March 31, 2009                                        */s/ John R. Adams*_____
                                                                              Judge John R. Adams
                                                                              UNITED STATES DISTRICT COURT